UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, *et al.* <br><br> Plaintiffs <br><br> v. <br><br> SEMPER UTILITIES, LLC <br><br> Defendant | * <br> * <br> * <br> *     Civil Case No. 8:22-cv-01481-JRR <br> * <br> * <br> * |

**MEMORANDUM OPINION**

This is a case concerning delinquent pension fund contributions and related relief pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Pending before the Court is the question of damages in connection with the issued Order of Default Judgment. ECF No. 12. This case has been referred to my Chambers for a determination of damages. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Upon review of the record, judgment is entered against Defendant in the amounts of $56,358.03 for the National Electrical Benefit Fund ("NEBF") and $112,665.73 for the National Electrical Annuity Plan ("NEAP").

**BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, the Motion for Default Judgment, ECF No. 7, and the Memorandum and evidentiary exhibits filed in support of the Motion for Default Judgment, *see* ECF Nos. 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, 7-9, 7-10, 7-11, 7-12.

Plaintiffs are employee benefit plans within the meaning of Section 3(2) of ERISA. ECF No. 1, at ¶ 4, 5. The National Electrical Benefit Fund ("NEBF") and National Electrical Annuity Plan ("NEAP") are plans offered to employees through the collective bargaining agreements between the

International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  *Id.*  Defendant is a New Jersey corporation doing business as "an employer engaged in an industry affecting commerce" as defined by ERISA.  *Id.* at ¶ 7.

In their Complaint, Plaintiffs allege that Defendant was obligated but failed to make contributions to NEBF and NEAP on behalf of employees covered by the collective bargaining agreements.  *Id.* at ¶ 8.  Initially, Plaintiff NEBF requested an award of $55,264.03, comprised of $44,040.32 in delinquent contributions, $2,415.65 in interest on those contributions, and $8,808.06 in liquidated damages pursuant to the NEBF Trust Agreement.  *Id.* at 6-7.  Plaintiff NEAP requested an award of $111,571.73, comprised of $89,237.65 in unpaid contributions, $4,486.55 in interest on those contributions, and $17,847.53 in liquidated damages pursuant to the NEAP Trust Agreement.  *Id.* at 7.  Additionally, both Plaintiffs request reasonable attorneys' fees and costs.  *Id.* at 6-7.  In their Motion for Default Judgment, both Plaintiffs revised their requests – NEBF to $56,358.03 and NEAP to $112,665.73 – to account for attorneys' fees and costs, comprised of $1,094.00 for each Plaintiff.  ECF No. 7, at 2; ECF No. 7-1, at 4.  Plaintiffs also request that the Court award any additional interest accrued until the judgment is satisfied.  ECF No. 7-4, at 4.

Plaintiffs filed their Complaint on June 16, 2022.  ECF No. 1.  The summons was returned executed on August 2, 2022.  ECF No. 5.  On the same day, Plaintiffs filed both a Motion for Clerk's Entry of Default, ECF No. 6, and a Motion for Default Judgment.  ECF No. 7. The Motion for Clerk's Entry of Default was granted on September 30, 2022.  ECF No. 9.  Based on Defendant's failure to defend and in accordance with Federal Rule of Civil Procedure 55(b)(2), this Court granted Plaintiffs' Motion for Default Judgment on March 6, 2023.  ECF No. 12.  The case was then referred to my Chambers for the purpose of determining damages in connection with that Order.  ECF No. 13.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00449-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 794-95 (D. Md. 2010).

**ANALYSIS**

3

After establishing liability, the Court assesses the appropriate damages. *Trustees of National Electrical Benefit Fund v. All Nu Electrical Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan. 31, 2023). Plaintiffs may recover: (1) delinquent contributions; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *All Nu*, 2023 WL 1416553, at *2 (citing *Adkins v. Tesco*, 180 F.Supp.2d 15, 17 (D.D.C. 2001)).

Plaintiff NEBF has requested an award of $56,358.03, comprised of $44,040.32 in delinquent contributions, $2,415.65 in interest on those contributions, $8,808.06 in liquidated damages, and $1,094.00 in attorneys' fees and costs. ECF No. 7-4, at 3-4. Plaintiff NEAP has requested an award of $112,665.73, comprised of $89,237.65 in unpaid contributions, $4,486.55 in interest on those contributions, $17,847.53 in liquidated damages, and $1,094.00 in attorneys' fees and costs. *Id*.

I. **Delinquent Contributions**

Plaintiffs present the affidavit of Brian Killian, Contribution Compliance Manager for NEBF and NEAP, to support their claims for damages. ECF No. 7-4. In his affidavit, Mr. Killian attests that Defendant failed to pay the monthly contributions to the NEBF and NEAP funds as required by the underlying agreements. *Id*. at 3. Specifically, Mr. Killian states that Defendant failed to contribute to NEBF from October 2021 to January 2022 and to NEAP from November

2021 to January 2022. *Id*. In total, this amounts to a delinquency of $44,040.32 to NEBF and of $89,237.65 to NEAP in unpaid contributions. *Id*.

In support of this request, Plaintiffs also put forward an accounting of contributions owed to each party. *See* ECF No. 7-11 (describing the delinquency to NEBF); ECF No. 7-12 (describing the delinquency to NEAP). The evidentiary basis in the record is adequate to support the amounts requested.

Accordingly, Plaintiffs shall be awarded the following amounts to compensate for Defendant's delinquent contributions: $44,040.32 to NEBF and $89,237.65 to NEAP.

**II.     Interest**

ERISA provides for interest on delinquent contributions "using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). "Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961." *Trustees of National Electrical Benefit Fund v. Current Electric of Battle Creek, Inc.*, No. GJH-21-2541, 2022 WL 3447277, at *4 (D. Md. Aug. 16, 2022).

The NEBF and NEAP Trust Agreements provide that interest on late contributions will be assessed at the rate of 10% per year, compounding monthly. ECF No. 7-4, at 3. *See* ECF No. 7-9, at § 6.9.3; ECF No. 7-10, at § 6.8.3. Applying this interest rate, Plaintiff NEBF claims $2,415.65 in interest and Plaintiff NEAP claims $4,486.55 in interest. ECF No. 7-4, at 3. To support these numbers, Plaintiffs put forward the affidavit of Mr. Killian, accountings of the contributions and the interest that accrued each month, and the underlying Trust Agreements. These numbers are supported by the record and reflect the interest accrued from the date of the delinquency to the filing of this case.

Accordingly, I award $2,415.65 in interest to Plaintiff NEBF and $4,486.55 in interest to Plaintiff NEAP.  Additionally, interest will continue to accrue until the underlying judgment is satisfied.

### III. Liquidated Damages

Liquidated damages can be awarded in an amount equal to the greater of: (1) the interest on delinquent contributions; or (2) the "liquidated damages provided for under the plan and not in excess of 20 percent" of the delinquent contributions.  29 U.S.C. § 1132(g)(2)(C).  Plaintiff Funds chose to calculate liquidated damages pursuant to the Trust Agreement, which authorizes the assessment of 20% of the amount found to be delinquent as liquidated damages.  ECF No. 7-9, at § 6.9.2; ECF No. 7-10, at § 6.8.2.  Based on that rate, Plaintiff NEBF claims $8,808.06 in liquidated damages and Plaintiff NEAP claims $17,847.53 in liquidated damages.  ECF No. 7-4, at 3-4.  To support these numbers, Plaintiffs present the affidavit of Mr. Killian, accountings of the contributions and the interest that accrued each month, and the underlying Trust Agreements.  The record supports the damages claimed.

Accordingly, I award $8,808.06 to Plaintiff NEBF and $17,847.53 to Plaintiff NEAP to account for liquidated damages.

### IV. Attorneys' Fees and Costs

Plaintiffs claim attorneys' fees and costs totaling $2,188.00: each party requests $818.00 in attorneys' fees and one half of the $552.00 in costs associated with filing.  ECF No. 7-1, at 4.  In support of those numbers, Plaintiffs attach the declaration of their shared counsel, Jennifer Hawkins.  *Id.*  Ms. Hawkins attests that she and her associate attorney, Peter Tkach, spent a total of 7.4 hours on this case.  Ms. Hawkins billed 1.2 hours and Mr. Tkach billed 6.2 hours.  *Id*. at 2-

3. Ms. Hawkins also attests to the costs associated with litigation, comprised of $402.00 to file the Complaint and $150.00 to serve process. *Id*. at 4.

When assessing the reasonableness of an award of attorneys' fees, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Trustees of National Electrical Benefit Fund v. Loga Holding, LLC*, No. PWG 21-cv-2917, 2022 WL 3100759, at *4 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). In light of these factors, the number of hours billed is reasonable given the nature of the legal claims. *See Trustees of the National Automatic Sprinkler Industry Welfare Fund v. Altitude Fire Protection, LLC*, No. GJH-15-2662, 2016 WL 4082622, at *5 (D. Md. Jul. 29, 2016) (granting a fee award of nine hours in a comparable ERISA case); *Trustees of the National Automatic Sprinkler Industry Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *6 (D. Md. Jan. 21, 2016) (granting a fee award of thirteen hours in a comparable ERISA case).

In the District of Maryland, judges apply Appendix B to the Court's Local Rules to help assess the reasonableness of hourly rates. Loc. R. App. B. (D. Md. 2021). For attorneys admitted to the bar between fifteen and nineteen years, the guidelines range is $275.00 to $425.00 per hour. For attorneys who have been admitted to the bar for fewer than five years, the guidelines range is $150.00 to $225.00 per hour. Plaintiffs' lead attorney, Jennifer Hawkins, has practiced law since 1994. ECF No. 7-1, at ¶ 3. Thus, her hourly rate of $392.00 is reasonable under the guidelines. Ms. Hawkins does not aver as to how long her associate attorney, Peter Tkach, has been practicing. Nevertheless, his hourly rate of $188.00 is within the guidelines for newly admitted attorneys. As such, an award of $1,636.00 is reasonable, based on the underlying rates and number of hours worked.

Plaintiffs also seek to recover the $402.00 statutory filing fee and $150.00 process service fee. *Id*. at ¶ 11. "Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Protection, Inc.*, No. DKC 12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citing *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). The docket reflects that Plaintiffs paid the $402.00 filing fee, ECF No. 1, and are therefore entitled to recover that amount. *Loga Holding*, 2022 WL 3100759, at *4. Plaintiffs also provide documentation to support the $150.00 spent on serving process. ECF No. 7-3. Thus, Plaintiffs are entitled to recover that amount as well. *Loga Holding*, 2022 WL 3100759, at *4.

Accordingly, I award a total of $2,188.00 in attorneys' fees and costs, split equally between Plaintiffs.[1]

## CONCLUSION

For the aforementioned reasons, I award damages as follows. To Plaintiff NEBF, I award: $44,040.32 in unpaid contributions, $2,415.65 in interest (plus interest that accrues during any ongoing delinquency), $8,808.06 in liquidated damages, and $1,094.00 in attorneys' fees and costs. To Plaintiff NEAP, I award: $89,237.65 in unpaid contributions, $4,486.55 in interest (plus interest that accrues during any ongoing delinquency), $17,847.53 in liquidated damages, and $1,094.00 in attorneys' fees and costs. A separate order shall issue.

Date: April 25, 2023

_____
Ajmel A. Quereshi
U.S. Magistrate Judge

---

[1] The Court may further authorize "such legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). I do not award any such additional relief at this time.